David M. Mannion (State Bar No. 288627)
BLAKELEY LLP
54 W. 40th Street
New York, New York 10018
Telephone: (917) 472-9587
dmannion@blakeleyllp.com
*Attorneys for Plaintiffs*

MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
REBECCA S. SAELAO (State Bar No. 222731)
rss@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
*Attorneys for Defendant*
Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRODUCTOS Y SERVICIOS DEL CENTRO S.A. DE C.V. and SUMMIT RAILROAD PRODUCTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A. <br><br> Defendant. | Case No.: C 15-02218 WHA <br><br> **STIPULATION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a), OR IN THE ALTERNATIVE PURSUANT TO 28 U.S.C. § 1406, AND FURTHER EXTENDING TIME FOR WELLS FARGO TO RESPOND TO COMPLAINT** |

1     WHEREAS, This action was initiated on May 18, 2015, by Plaintiffs Productos Y Servicios

2 Del Centro S.A. de C.V. ("PYS") and Summit Railroad Products, Inc. ("Summit," and together with

3 PYS, "Plaintiffs").  Plaintiffs allege that certain funds were accidentally deposited by PYS into

4 Wells Fargo customer account no. XXXXXX4202 (the "Account") in response to an allegedly

5 fraudulent email.  (Complaint, filed May 18, 2015, at ¶¶ 1, 11.)

6     WHEREAS, according to Wells Fargo's records the Account belongs to an Alabama limited

7 liability company, International Education Agency LLC ("IEA").  On information and belief, IEA

8 appears to be formed under the laws of the state of Alabama, and is registered with the Alabama

9 Secretary of State, with a principal place of business in Huntsville, Alabama.  On information and

10 belief, IEA's members appear to be residents of the judicial district for the Northern District of

11 Alabama.  Additionally, the only authorized signers on the Account on behalf of IEA are Oluseyi

12 Babalola and Mary Babalola (the "Babalolas").  On information and belief, the Babalolas are

13 residents of the judicial district for the Northern District of Alabama.

14     WHEREAS, Wells Fargo Bank, N.A. ("Wells Fargo") intends to file an interpleader

15 counterclaim and third party complaint against IEA and the Babalolas (the "Interpleader

16 Defendants"), to interplead funds in the Account pursuant to 28 U.S.C. §§ 1332, 1335, and 2361,

17 and pursuant to Federal Rule of Civil Procedure 22.

18     WHEREAS, the parties anticipate that the Interpleader Defendants may not be subject to

19 personal jurisdiction in the Northern District of California, but, on information and belief, they are

20 subject to personal jurisdiction in the Northern District of Alabama.

21     WHEREAS, pursuant to 28 U.S.C. § 1404(a), or in the alternative pursuant to 27 U.S.C.

22 § 1406, the parties consent to the transfer of this action to the Huntsville Division of the United

23 States District Court for the Northern District of Alabama, and respectfully submit that such transfer

24 is in the interest of justice because the Interpleader Defendants may not be subject to personal

25  07685.1478/4304520.1                        2

jurisdiction in this Court. *Cf.*, *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 639 (9th Cir. 1988) (holding that transfer of litigation between subcontractor and general contractor to Alaska – under circumstances where project owner resided in Alaska and project was located there – was not abuse of discretion given trial court's consideration of all factors affecting transfer, especially possibility that owner, who might be joined as a party, probably would not be subject to personal jurisdiction outside Alaska); *see also Sandoval v. Redfin Corp.*, 14-4444 SC, 2015 WL 65085, at *1 (N.D. Cal. Jan. 5, 2015) (granting parties' stipulation to transfer case to C.D. Cal.). Additionally, Wells Fargo contends that the Interpleader Defendants are necessary, indispensable, and/or desirable parties to this action, further supporting transfer to a district with jurisdiction over the Interpleader Defendants. *See Celanese Corp. v. Fed. Energy Admin.*, 410 F. Supp. 571, 578 (D.D.C. 1976) (transferring case under 28 U.S.C. § 1404 to location where additional arguably indispensable party was subject to jurisdiction, and holding that "without deciding whether Consumers is indispensable, the Court hereby recognizes that § 1406(a) provides an additional basis for the transfer of this action if Consumers is an indispensable party to the proceedings before this Court.") (collecting cases approving transfer to forum with jurisdiction over necessary or indispensable parties).

WHEREAS, Plaintiffs agree that Wells Fargo shall have through and including one week from the date that this Court approves transfer of this case, and the Northern District of Alabama accepts transfer (or alternatively one week from the date this Court denies transfer), to answer or otherwise respond to the Plaintiffs' complaint, including by filing its interpleader counterclaim and third party complaint. However, in the event this Court rules on this stipulation prior to July 8, 2015, Wells Fargo shall have at least through July 15, 2015 to answer or otherwise respond to the Plaintiffs' complaint, including by filing its interpleader counterclaim and third party complaint.

WHEREAS, the parties' stipulated injunction dated May 20, 2015 (Doc. No. 13) shall remain in full force and effect, until further agreement of the parties or Order of this or the transferee Court.

The Parties therefore **STIPULATE** as follows:

Pursuant to 28 U.S.C. § 1404(a), the parties consent to the transfer of this action in its entirety to the Huntsville Division of the United States District Court for the Northern District of Alabama.

The parties' stipulated injunction dated May 20, 2015 (Doc. No. 13) shall remain in full force and effect, until further agreement of the parties or Order of this or the transferee Court.

**IT IS SO STIPULATED.**

DATED:  July 6, 2015                                SEVERSON & WERSON

By:    /s/ Rebecca S. Saelao
          Rebecca S. Saelao
Attorneys for Defendant WELLS FARGO BANK, N.A

DATED:  July 6, 2015                                BLAKELEY LLP

By:    /s/ David M. Mannion
          David M. Mannion
Attorneys for Plaintiffs

Pursuant to Local Civil Rule 5-1(i)(3) regarding signatures, I, Rebecca Saelao, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By:    /s/ Rebecca S. Saelao

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 1404(a) [or, alternatively, pursuant to 28 U.S.C. § 1406], the Court DIRECTS the Clerk to transfer this action, in its entirety, to the Northern District of Alabama, Huntsville Division.  The parties' stipulated injunction dated May 20, 2015 (Doc. No. 13) shall remain in full force and effect, until further agreement of the parties or Order of this or the transferee Court.

DATED:  July _7_, 2015

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE